UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GLEN GOLDEN #361852,

    Plaintiff,

v.                                      No.:   3:05-cv-472
                                                (VARLAN/SHIRLEY)

WARDEN JACK MORGAN,
SGT. LEROY TURNER, BRUCE POTTER,
and LARENDA McCORMICK,

    Defendants.

## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $250.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action will be **DISMISSED**.

Plaintiff is in the custody of the Tennessee Department of Correction. The complaint concerns a disciplinary hearing against plaintiff while he was confined in the Morgan County Regional Correctional Facility; plaintiff challenges the manner in which the disciplinary hearing was conducted. The defendants are Warden Jack Morgan, Sgt. Leroy Turner, Bruce Potter, and Larenda McCormick.

Plaintiff's challenge to the validity of his disciplinary conviction and resulting sanctions is not cognizable under § 1983. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Moreover, plaintiff's placement in segregation did not present an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" and therefore fails to state a claim for relief under § 1983. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See also Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995).

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has failed to state a claim upon which relief may be granted under § 1983. Therefore, this action will be **DISMISSED** *sua sponte*, pursuant to 28 U.S.C. §§ 1915(e) and 1915A. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith assessed the civil filing fee of $250.00. Pursuant to 28 U.S.C. §1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of two hundred fifty dollars ($250.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and accompanying Order to the Warden of the Northeast Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3

Case 3:05-cv-00472   Document 4   Filed 10/21/05   Page 3 of 3   PageID #: 3